**BOWLES, Price Administrator, v. LIGHT-HOUSE OYSTERS, Inc., et al.**

**No. 11015.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 16, 1945.

---

436

George Moncharsh, Deputy Adm'r for Enforcement, Fleming James, Jr., Director, Litigation Division, David London, Chief Appellate Branch, Samuel L. Cohen, and Samuel Mermin, Attys., OPA, all of Washington, D. C., and James M. Blackford, Franz Wagner, and Cecelia Gallagher, Attys., OPA, all of Portland, Ore., for appellant.

Alton John Bassett, of Portland, Ore., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

Appellant, in April 1944, sued under the provisions of § 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), to recover treble damages for alleged overcharges. The court awarded judgment in a small amount, and the Administrator appeals.

Two questions are presented. It is contended that the court fell into error, first, in deducting from the overcharges a credit which had already been allowed in the computations of the Administrator, and second, in failing to give effect to a regulatory provision which became effective November 9, 1943.

■ 1. The complaint charged, and the court found, that since July 13, 1943, appellee had sold fresh fish and seafood at prices higher than the maximum established by Maximum Price Regulation 418 and its amendments. These overcharges were originally computed from appellee's records at the sum of $3,150.58. As the result of a recheck the amount of the overcharges claimed was reduced to $2,047.49. By this reduction appellee was given credit for sums paid for boxing, freight, and state privilege tax.[1] The court, however, gave appellee a flat credit of two cents per pound, apparently to cover the same items, so that in part at any rate they were deducted twice.

The amounts of the transportation charges and state privilege tax paid were ascertained from an examination of appellee's purchase invoices. The evidence clearly discloses that these costs were taken into account in the revised figures supplying the basis for the determination of the overcharges. On this phase, accordingly, the Administrator is entitled to a reversal.

■ 2. Maximum Price Regulation 418 was amended as of August 25, 1943, by adding section 13(c), which requires every person making a sale of fresh fish to furnish to the purchaser at the time of delivery a written statement setting forth, among other things, the sizes, grades, and styles of dressing of the fish, and the price charged therefor. The section is copied in full on the margin.[2] At the pre-trial conference it was admitted that appellee did not specify in his invoices the sizes, grades and styles of dress of the fresh fish sold, and that the statements furnished the purchasers at the

[1] The rules pertaining to these credits are covered in Sections 7 and 19 of the Regulation, as amended, and in Amendment 7 of Sept. 2, 1943, 8 F.R. 12,233.

[2] "(c) Every person making a sale of any fresh fish or seafood subject to this regulation shall furnish to the purchaser at the time of delivery a written statement setting forth the date; the name and address of the buyer and seller; the species

time of delivery did not identify the sizes, grades, or styles of dressing.

Effective November 9, 1943, section 13(c) was further amended by adding the following: "If the statement furnished a purchaser at the time of delivery does not identify the size, grade and style of dressing, the maximum price which may be charged for the fresh fish and seafood involved in the sale is the maximum price for the lowest priced size, grade and style of dressing of the species of fresh fish and seafood sold: Provided, That this paragraph shall not apply to any sales made at prices listed in Table A in section 20."[3]

The court allowed no recovery for overcharges on sales made after November 9, 1943, that is to say, it failed to apply the amended regulation effective as of that date to the admitted facts of the case. This was error. Questions, if any, as to the validity of the amendment were exclusively for the Emergency Court, § 204(d), 50 U.S.C.A. Appendix, § 924(d).

Reversed.

sold; the quantity, sizes, grades, and styles of dressing of fresh fish and seafood, and the price charged therefor, including a separate statement of the container cost, if any, as provided in section 19, and transportation cost, if any, as provided in section 7."

[3] In the Statement of Consideration filed with the Federal Register contemporaneously with the amendment the Administrator said: "In the case of many species, size, grade and style of dressing make substantial differences in the price which may be charged. A statement accompanying delivery which merely sets forth the name of the species, without stating the size, grade or style of dressing, is a wholly inadequate record either for the immediate protection of the buyer or for subsequent investigation. Accordingly the accompanying amendment provides that if the seller fails to include on the required statement the size, grade and style of dressing, he may not lawfully charge more than the maximum price specified for the lowest priced size, grade or style of dressing of that species."